**Swett v. NH Ballot Comm.**                    **CV-96-376-B    07/16/96**
                    **UNITED STATES DISTRICT COURT**
                  **FOR THE DISTRICT OF NEW HAMPSHIRE**


Dick Swett

        v.                                    Civil No. 96-376-B

State of New Hampshire
Ballot Law Commission



                          **O R D E R**


     Charles G. Douglas, III, a registered voter, has filed a

petition with the New Hampshire Ballot Law Commission asserting

that United States Senate candidate Dick Swett has failed to

comply with state laws requiring candidates for the Senate to

either pay a $5,000 filing fee and file 2,000 valid primary

petitions or file an affidavit agreeing to abide by campaign

spending limits specified in the New Hampshire Political

Expenditures and Contributions Act, N.H. Rev. Stat. Ann. § 664:1,

et seq. (Supp. 1995).[1]  Accordingly, Douglas has asked the Ballot

_____

     [1]  Douglas bases his claim on N.H. Rev. Stat. Ann. §§ 655:19
and 655:20(II), which both state that candidates who do not agree
to the spending limits must pay the filing fee "and" file primary
petitions.  Although I express no position on the merits of
Douglas's claim, I note that N.H. Rev. Stat. Ann. § 655:14 states
that a candidate may gain access to the ballot by paying the
filing fee required by § 655:19 "or" filing the petitions
required by § 655:20.

Law Commission to exclude Swett's name from the Democratic primary ballot. Swett, in turn, commenced this action, arguing that state law is preempted by the Federal Election Campaigns Act, 2 U.S.C.A. § 431, et seq. (West 1985 & Supp. 1995) ("FECA"), and seeking a temporary restraining order that would prevent the Ballot Law Commission from acting on Douglas's request. The State of New Hampshire argues that I should abstain from considering the merits of Swett's claims under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Because I agree with the State, I deny Swett's request for a temporary restraining order.

Under Younger, a federal court must abstain from deciding the merits of a case over which it has jurisdiction if "there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding . . . that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996), citing Middlesex County Ethics Comm. v. Gardner State Bar Ass'n, 457 U.S. 423, 437 (1982).

All three of the requirements warranting Younger abstention are present in this case. First, the Ballot Law Commission

2

proceeding Swett seeks to enjoin is an ongoing quasi-judicial proceeding to which Younger applies.  See Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 626-27 (1986) (Younger applies to ongoing administrative proceedings).  Second, New Hampshire has a constitutionally recognized interest in regulating matters of ballot access by candidates for federal office.  See U.S. Const., Art. I, § 4, cl. 1 ("The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Place of chusing Senators"); Libertarian Party of Maine v. Diamond, 992 F.2d 365, 370 (1st Cir. 1993), cert. denied, 114 S. Ct. 310 (1993) (recognizing important state interest in regulating issues of ballot access).  New Hampshire's generic interest in regulating issues of ballot access is sufficiently important to warrant abstention even if it is ultimately determined that FECA preempts the specific state regulations that are at issue in this case.  New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 356-66 (1989) (substantiality of the state's interest must be determined by looking to the significance of the state's interest in the "generic proceedings" rather than the state's interest in

3

the outcome of the particular case); Employers Resource Management Co. v. Sharon, 65 F.3d 1126, 1136 (4th Cir. 1995), cert. denied, 116 S. Ct. 816 (1996) ("substantial claims of preemption do not automatically preclude abstention"); Berger v. Cuyahonga County Bar Ass'n., 983 F.2d 718, 729 n.6 (6th Cir. 1993), cert. denied, 508 U.S. 940 (1993) ("Even if preemption applies, it does not preclude abstention unless the state court is actually denied jurisdiction by federal statute.").[2]  Finally, Swett will have an opportunity to assert his preemption argument in the state proceedings.  New Hampshire law provides for a direct appeal of Ballot Law Commission rulings, N.H. Rev. Stat. Ann. § 541:6 (1974), and the New Hampshire Supreme Court is eminently qualified to evaluate the merit of Swett's preemption claim.

Swett invokes an exception to Younger that allows a federal court to address the merits of a claim that would otherwise be subject to abstention if the state law at issue is "flagrantly

---

[2]  The First Circuit's decision in Chaulk Servs. v. MCAD, 70 F.3d 1361, 1370 (1st Cir. 1995), cert. denied, 1996 WL 207107, is not inconsistent with this analysis.  The federal law at issue in Chaulk resulted in a preemption that was so broad that it left no room for any state regulation on the subject.  Here, in contrast, FECA does not purport to entirely supersede the state's constitutionally recognized interest in regulating the "Times, Places and Manner of holding Elections for Senators and Representatives."  U.S. Const., Art. I, § 4, cl. 1.

and patently violative of express constitutional provisions in every clause, sentence, and paragraph and in whatever manner and against whomever an effort might be made to apply it." Younger, 401 U.S. at 53-54. Although the Supreme Court has yet to employ this exception and it has been suggested that the circumstances where the exception will apply are extremely limited, see Erwin Chemerinsky, Federal Jurisdiction, § 13.4 at 753 (1994), the First Circuit has recently relied on the exception in a preemption case where the court determined that it was "readily apparent" that the state law in question was preempted. Chaulk, 70 F.3d at 1370 (internal quotations omitted). Swett similarly argues that it is "readily apparent" in the present case that FECA preempts the state laws on which the Ballot Law Commission's jurisdiction is based.

FECA's preemption provision states that "[t]he provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of state law with respect to election to federal office." 2 U.S.C.A. § 453. FECA's implementing regulations further note that the preemption includes "limitations on contributions and expenditures regarding federal candidates . . . . " 11 C.F.R. § 108.7(b)(3)(1996). Relying on these provisions, at least one other court has determined that a

5

similar state law regulating campaign expenditures is preempted by FECA. <u>Weber v. Heaney</u>, 995 F.2d 872, 876-77 (8th Cir. 1993) (Minnesota law making public funds available to candidates who agree to expenditure limits preempted by FECA).

Although it is likely that a reviewing court will ultimately determine that FECA preempts at least some portions of the New Hampshire Political Expenditures and Contributions Act, the scope of the preemption is by no means "readily apparent." The New Hampshire Legislature has enacted a complex statutory scheme in an effort to encourage candidates for public office to abide by certain expenditure limitations. N.H. Rev. Stat. Ann. §§ 655:19, 20, and 22 establish a generally applicable requirement that candidates for the United States Senate who seek access to a party's primary ballot must pay a $5,000 filing fee and file 2,000 primary petitions. Sections 655:19 and 655:20 except from these requirements candidates who, pursuant to N.H. Rev. Stat. Ann. § 664:5-a, file affidavits agreeing to abide by certain specified expenditure limits. The law also contains a severability provision stating that if part of the law is determined to be invalid, "the invalidity does not affect any other provisions or applications of the chapter which can be

given effect without the invalid provisions or applications . . . ." N.H. Rev. Stat. Ann. 664:23. A court reviewing the matter could conceivably determine that all, some, or none of the cited statutes are preempted by FECA. The resolution of the preemption issue thus depends as much on the interpretation of state law as it does on the scope of FECA's preemption provision.

In conclusion, this case presents an important question of federal law. However, it also affects significant state interests and requires a thorough understanding of a complex state statutory scheme. Since the matters Swett seeks to raise arise in the context of ongoing state proceedings where Swett will have a full and fair opportunity to litigate his preemption claim, principles of comity require me to abstain from acting on matters that the state courts are competent to resolve. Accordingly, I deny Swett's motion for a temporary restraining order.

SO ORDERED.

                                         _____
                                         Paul Barbadoro
                                         United States District Judge

July 16, 1996

cc:   Robert E. Kirby, Esq.
      Christopher P. Reid, Esq.
      Joshua L. Gordon, Esq.
      Charles G. Douglas, III, Esq.